**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**CHRIS A. GEIGER**

    **Plaintiff,**

                                                    **Civil Action 2:10-cv-0106**
**vs.**                                             **Judge George C. Smith**
                                                    **Magistrate Judge E. A. Preston Deavers**

**PFIZER, INC.,** *et al.***,**

    **Defendants.**


**ORDER**

        This case arises under the Employee Retirement Income Security Act of 1974, 28 U.S.C.

§ 1001 *et seq.* ("ERISA").  Plaintiff, Chris A. Geiger, brings this action against Defendants

CIGNA Group Insurance ("CIGNA"), Pfizer, Inc., Pfizer, Inc. Long-Term Disability Plan, and

CIGNA Life Insurance Company of New York ("CLINCY"), asserting a claim under ERISA for

long-term disability benefits under 28 U.S.C. § 1132(a)(1)(B).  This matter is before the Court

for consideration of Plaintiff's Motion to Conduct Limited Discovery (ECF No. 11), Defendants'

Opposition to Plaintiff's Motion (ECF No. 12), Plaintiff's Reply (ECF No. 18), Defendants'

Motion to File Sur-Reply Opposing Plaintiff's Motion to Conduct Limited Discovery (ECF No.

19), and Plaintiff's Memorandum in Opposition to Defendant's Motion to File Sur-Reply (ECF

No. 21).  For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART**

Plaintiff's Motion to Conduct Limited Discovery as set forth herein and **GRANTS** Defendants'

Motion to File Sur-Reply.

**I.**

In its Motion to Conduct Limited Discovery, Plaintiff asserts that CLINCY[1] operates

under a conflict of interest because it acts as both the administrator determining eligibility for

benefits and the insurer responsible for paying the benefits out of its own pocket.  Plaintiff seeks

limited discovery to depose Eric Poliziani, CLINCY's Disability Claim Manager, in order to

obtain information regarding CLINCY's decision-making process when it reviews a claim for

benefits.  Plaintiff seeks this discovery for the limited purpose of determining the role that

CLINCY's conflict of interest and bias played in its decision to discontinue her long-term

disability benefits and deny her benefits claim.  Plaintiff represents that her allegations of

conflict and bias are based in part upon: CLINCY's discontinuation of her benefits despite the

fact that there had been no change in any of her treating physician's medical opinions or

diagnoses; the inconsistent rationales CLINCY offered for discontinuing her benefits; and the

fact that CLINCY denied her appeal just one day after she submitted additional information for

---

[1]In his initial Complaint, Plaintiff named only the Pfizer Defendants and CIGNA because in the Plan documents, "Pfizer, Inc." is listed as the plan administrator, and "CIGNA Group Insurance" is listed as the Plan's Claims Administrator.  After CIGNA's counsel represented that CLINCY is the correct CIGNA entity and would financially be responsible for payment of any judgment, Plaintiff amended his Complaint to include CLINCY as a Defendant without agreeing that any one Defendant is appropriate.  (Pl.'s Mot. for Leave to File First Am. Compl., ECF No. 13.)  Correspondence from CIGNA Group Insurance to Plaintiff identifies CLINCY as the "Underwriting Company," and notes that

> "CIGNA Group Insurance is a registered service mark . . . licensed for use by insurance company subsidiaries of CIGNA Corporation, including Life Insurance Company of North America, [CLINCY], and Connecticut General Life Insurance Company.  Products and services are provided by these insurance company subsidiaries and not by CIGNA Corporation."

(ECF No. 16-1 at 52.)  Thus, for purposes of this Order only, the Court hereinafter refers to Defendant CLINCY as the administrator and payor.  This does not constitute a finding that CLINCY is the only party that would be liable for judgement, if any.

CLINCY to consider.  Plaintiff submits that the foregoing circumstances and allegations support her request to conduct limited discovery.

In their Response to Plaintiff's Motion, Defendants resist discovery, asserting that Plaintiff has failed to make the requisite "initial good-cause showing for such discovery . . . ." (Defs.' Opp. 3, ECF No. 12. (citing *Geer v. Hartford Life & Accidental Ins. Co.,* No. 08-12837, 2009 WL 1620402 (E.D. Mich. June 9, 2009).)  In addition, Defendants assert that the discovery Plaintiff seeks is irrelevant and too broad.  More specifically, Defendants contend that Plaintiff should not be permitted to depose Mr. Poliziani because a CLINCY Appeals Case Manager subsequently reviewed Plaintiff's complete file without deference to the prior reviews that Mr. Poliziani conducted.

Responding to Defendant's reliance on *Geer*, Plaintiff counters that she has made a good-cause initial showing that probative evidence of bias would likely be developed though discovery.  In addition to the circumstances and allegations she asserted in her Motion to Conduct Limited Discovery, Plaintiff adds that she also bases her allegations of conflict and bias in part on a California market study on the claim practices of the Life Insurance Company of North America ("LINA").[2]  Plaintiff attached a copy of the Public Report of the Targeted Market Conduct Examination of the Claims of the Life Insurance Company of North America NAIC # 65498 CDI # 1513-1 ("LINA Market Study") as an exhibit to her Reply.  Plaintiff references the study's finding that of 224 claims files examined, the examiners identified 57 claim-handling violations.  She notes that LINA acknowledged wrongdoing, paid a penalty, and re-evaluated

---

[2]According to the note at the bottom of correspondence from CIGNA to Plaintiff, LINA, like CLINCY, is an insurance subsidiary of CIGNA Corporation, both of which utilize the registered service mark CIGNA Group Insurance.  (*See* ECF No. 16-1 at 52.)

thousands of previously denied claims as a result of this study.  Finally, Plaintiff highlights the specific findings of wrongdoing, two of which Plaintiff maintains CLINCY engaged in here. Specifically, Plaintiff asserts that CLINCY used snippets of information from a physician who found her to be disabled to support its finding that she is not disabled without seeking clarification from that physician.  Plaintiff also asserts that CLINCY denied her claims without performing any analysis of her transferrable skills or of the labor market to identify alternate occupations she could perform.  Instead, Plaintiff asserts that Defendant simply found that she was qualified for a "Light Work" occupation as that term is defined in the U.S. Department of Labor Description Occupational Titles 262.157-010, even though the record contains no substantive analysis concerning alternate positions Plaintiff could perform.  Plaintiff points out that in *Geer*, the case upon which Defendants rely, the court found that limited discovery into the conflict of interest issue was appropriate based upon the results of a similar California market study.  (*See* Pl.'s Reply 6 (citing *Geer*, 2009 WL 1620402 at *6).)

On September 16, 2010, Defendants moved to file a sur-reply, asserting that because Plaintiff raised the LINA Market Study for the first time in her Reply, that it is fair, equitable, and reasonable for Defendants to have an opportunity to address it.  In their Sur-Reply (ECF No. 19), Defendants assert that the LINA Market Study is irrelevant due to its timing, its focus on LINA and California law, and the corrective actions LINA took in response to the study.

On September 29, 2010, Plaintiff filed a Memorandum in Opposition to Defendants' Motion to File Sur-Reply (ECF No. 21).  Plaintiff contends that Defendants' Motion should be denied because her references to the LINA Market Study were in direct response to the case law Defendants cited in their Memorandum in Opposition.

**II.**

A.      **Motion to File Sur-Reply**

As a preliminary matter, the Court **GRANTS** Defendants' Motion to File Sur-Reply (ECF No. 19).  Southern District of Ohio Local Civil Rule 7.2(a)(2) permits the filing of a motion and memorandum in support, a memorandum in opposition, and a reply memorandum. The Rule further states that "[n]o additional memoranda beyond those enumerated will be permitted except upon leave of court for good cause shown."  S.D. Ohio Civ. R. 7.2(a)(2).  This Court has routinely found good cause exists to permit a party to file a sur-reply to address an issue raised for the first time in a reply brief.  *See e.g.*, *Thompson v. Transam Trucking*, *Inc.*, No. 2:08-cv-927, 2010 WL 4384234, at *10 (S.D. Ohio Oct. 21, 2010); *Levy v. Cain, Watters & Associates, P.L.L.C.*, No. 2:09-cv-723, 2010 WL 271300, at *2 (S.D. Ohio Jan. 15, 2010).  Here, the Court agrees with Defendants, that Plaintiff raised the LINA Market Study as a basis for conducting discovery for the first time in her Reply.  Consequently, the Court finds that Defendants have demonstrated good cause for filing an additional memorandum to address the study.  Accordingly, Defendants' Motion is **GRANTED**.  The Court, therefore, considers the Sur-Reply.

B.      **Motion to Conduct Limited Discovery**

1.      **The Permissibility of Limited Conflict of Interest Discovery**

Defendants first contend that Plaintiff cannot obtain discovery because she has failed to make a threshold good cause showing for such discovery. The Court disagrees.  The Federal Rules of Civil Procedure generously permit discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."  Fed. R. Civ. P. 26(b)(1).  Generally, a district court, in adjudicating the merits of an ERISA denial of benefits claim, cannot consider evidence outside of the administrative record.  *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 619

5

(6th Cir. 1998).  Matters outside the record are generally not relevant or discoverable.  *See id*.;

Fed. R. Civ. P. 26(b)(1).  "An exception is recognized, however, when evidence outside the

record 'is offered in support of a procedural challenge to the administrator's decision, such as an

alleged lack of due process afforded by the administrator or alleged bias on its part.'"  *Johnson v.*

*Connecticut Gen. Life Ins. Co*., 324 Fed.Appx. 459, 466 (6th Cir. 2009) (quoting *Wilkins*, 150

F.3d at 619).  In instances involving such challenges, evidence outside the record may be

relevant and discoverable; *see id*.; Fed. R. Civ. P. 26(b)(1); *Bell v. Ameritech Sickness &*

*Accident Disability Benefit Plan*, Nos. 09-1562, 09-1565, 2010 WL 4244126, at *5 (6th Cir. Oct.

15, 2010) (noting that a "district court may allow discovery when evidence is sought in support

of a procedural challenge . . .").  Here, Plaintiff asserts that discovery is available under this

exception, referencing Defendant's conflict of interest and her allegations of bias.

The United States Supreme Court, in *Metropolitan Life Insurance Company v. Glenn*,

128 S.Ct. 2343 (2008), made clear that a plan administrator who is a professional insurance

company operates under a conflict of interest when it serves the dual role of an ERISA plan

administrator and payor of plan benefits.  128 S.Ct. at 2349–50.  The *Glenn* Court proceeded to

consider how this conflict "should be taken into account on judicial review of a discretionary

benefit determination."[3]  *Id*. at 2350–51 (internal quotation marks and citation omitted).  First,

the Court noted that the existence of such a conflict does not change the standard of review or

make it necessary "for courts to create special burden-of-proof rules, or other special procedural

or evidentiary rules, focused narrowly upon the evaluator/payor conflict."  *Id*.  The Court then

concluded that the structural conflict of interest created by the administrator's dual roles is a

relevant consideration, among several case-specific considerations, lower courts should consider,

with the significance of such a conflict to depend on the circumstances of each case.  *Id*. at 2351.

The Court explained as follows:

> In such instances, any one factor will act as a tiebreaker when the other factors are
> closely balanced, the degree of closeness necessary depending upon the
> tiebreaking factor's inherent or case-specific importance. The conflict of interest
> at issue here, for example, should prove more important (perhaps of great

---

[3]In the instant case, the parties have failed brief whether the benefit plan at issue in this
case vests Defendant with discretionary authority to determine eligibility for benefits or to
construe the terms of the plan.  Plaintiff, in her Amended Complaint, alleges that the Plan does
not grant discretionary authority, and therefore, the Court should review Plaintiff's claim for
benefits under a *de novo* standard.  Defendants, in their Answer, deny these allegations.  The
Summary Plan Description provides that:

> Benefits under this Plan will be paid only if the Plan Administrator or the Claims
> Administrator decides in its discretion that you are entitled to them.  The Plan
> Administrator or the Claims Administrator, as applicable, shall make, in its sole
> discretion, all determinations arising in the administration, construction, or
> interpretation of the Plan, including the right to construe disputed or doubtful Plan
> terms and provisions, and any such determination shall be conclusive and binding
> on all persons, to the maximum extent permitted by law.

(The Pfizer Long Term Disability Plan Summary Plaint Description (SPD) Booklet 26, ECF No.
16-1).  For purposes of the instant motion, the Court assumes that this policy language vests the
administrator with interpretive discretion.  Thus, the existence of a conflict of interest is relevant
to the Court's consideration of Plaintiff's claims. *See Firestone Tire & Rubber Co. v. Bruch*,
489 U.S. 101, 115 (1989) (quoting Restatement § 187 Comment *d*, alteration omitted) ("[I]f a
benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of
interest, that conflict must be weighed as a 'factor in determining whether there is an abuse of
discretion.'").

importance) where circumstances suggest a higher likelihood that it affected the
benefits decision, including, but not limited to, cases where an insurance company
administrator has a history of biased claims administration. . . . It should prove
less important (perhaps to the vanishing point) where the administrator has taken
active steps to reduce potential bias and to promote accuracy, for example, by
walling off claims administrators from those interested in firm finances, or by
imposing management checks that penalize inaccurate decisionmaking
irrespective of whom the inaccuracy benefits.

*Id.* (internal citations omitted).

Following *Glenn*, in *Johnson v. Connecticut General Life Insurance Company*, the
United States Court of Appeals for the Sixth Circuit considered the propriety of a district court's
decision to allow limited discovery concerning the conflict of interest created when an employer
utilizes dual-role administrators under an ERISA plan. 324 Fed.Appx. at 465–67. The *Johnson*
Court first cited with approval Sixth Circuit precedent holding that "a mere allegation of bias is
not sufficient to permit discovery under *Wilkins*' exception." *Id*. at 466 (citing *Putney v. Med.
Mut. of Ohio*, 111 Fed.Appx. 803, 807 (6th Cir. 2004); *Likas v. Life Ins. Co. of N. Am.*, 222
Fed.Appx. 481, 486 (6th Cir. 2007); *Huffaker v. Metro. Life Ins. Co.*, 271 Fed.Appx. 493, 504
(6th Cir. 2008)). Citing *Glenn*, the *Johnson* Court nevertheless rejected the defendant's
contention that Sixth Circuit precedent should be interpreted to impose a threshold evidentiary
showing of bias as a prerequisite to discovery under *Wilkins*. *Id*. at 466. Thus, this Court rejects
Defendants' assertion that "a plaintiff must make an initial good cause showing for such
discovery." (Defs.' Mem. in Opp. 3, ECF No. 12). The *Johnson* Court also rejected the notion
that *Glenn* permits discovery automatically in instances where the defendant is both the
administrator and the payor. Instead, the Court indicated that "[d]istrict courts are well-equipped
to evaluate and determine whether and to what extent limited discovery is appropriate in
furtherance of a colorable procedural challenge under *Wilkins*." *Id*. at 467. The Johnson Court

8

concluded that the district court did not abuse its discretion in allowing the plaintiff to conduct

limited discovery concerning the conflict because the plaintiff had "offered more than a mere

allegation of bias." *Id.*

Here, CLINCY does not dispute that it serves as both the plan administrator and the

payor of benefits.  Further, as in *Johnson*, in the instant case, Plaintiff has offered more than

mere allegations in support of her request to conduct limited discovery.  Thus, Plaintiff may

pursue discovery into the circumstances surrounding Defendant's conflict of interest because

such information is relevant to the Court's evaluation of the significance of the conflict.  *See id.*;

*Glenn*, 128 S.Ct. at 2351; *Bell*, 2010 WL 4244126 at *5 (affirming district court's ordering of

discovery where Plaintiff alleged that internal procedures were not followed); *McQueen v. Life*

*Ins. Co. of N. Am.*, 595 F.Supp.2d 752, 755–56 (E.D. Ky. 2009) (permitting discovery of

policies, claims-handling guidelines, and procedures to the extent that the requested materials

provided details of the administrator's conflict of interest).

> **2.      The Permissible Scope of Discovery**

Defendants next assert that the discovery Plaintiff seeks is irrelevant and impermissibly

broad.  Plaintiff seeks to depose CLINCY's Disability Claim Manager to obtain information

concerning CLINCY's "decision-making process in this matter."  (Pl.'s Mot. to Conduct Ltd.

Disc. 1, ECF No. 11.)  In *Busch v. Hartford Life and Accident Insurance Co.*, No. 5:10-00111-

KKC, 2010 WL 3842367 (E.D. Ky. Sept. 27, 2010), the court set forth "a running list of

permitted areas of inquiry" that district courts within the Sixth Circuit have developed when an

ERISA plaintiff is allowed to conduct discovery related to an inherent conflict of interest.  2010

WL 3842367 at *4 (citations omitted).  The list reads as follows:

> (1) "Incentive, bonus, or reward programs or systems, formal or informal, for any

employee(s) involved in any meaningful way in reviewing disability claims," *Myers v. Prudential Ins. Co. of America,* 581 F.Supp.2d 904, 914 (E.D. Tenn. 2008).

(2) Contractual connections between Hartford and the reviewers utilized in the plaintiff's claim, and financial payments paid annually to the reviewers from Hartford. *Pemberton v. Reliance Standard Life Ins. Co*, No. 08-86-JBC, 2009 WL 89696 at *3 (E.D. Ky. Jan. 13, 2009).

(3) "Statistical data regarding the number of claims files sent to the reviewers and the number of denials which resulted." *Id.*

(4) "Statistical data concerning the number of times the reviewers found claimants able to work in at least a sedentary occupation or found that the claimants were not disabled." *Id.*

(5) "Documentation of administrative processes designed only to check the accuracy of grants of claims (limited to claims guidelines actually consulted to adjudicate plaintiff's claim)." *Bird v. GTX, Inc.*, No. 08-2852-JPM-cgc, 2009 WL 3839478, at *3 (W.D. Tenn. Nov. 13, 2009) (citing *McQueen v. Life Ins. Co. of N. America*, 595 F.Supp.2d 752, 755–56 (E.D. Ky. 2009)).

*Id.* Additionally, the *Johnson* Court found that the district court did not err in allowing "limited discovery into the post-claim underwriting that provided the basis for the decision denying plaintiff's claim for benefits." *Johnson*, 324 Fed.Appx. 459, 467 n.6. This Court finds that all of the foregoing topics are permissible topics for discovery pertaining to a defendant's conflict of interest and alleged bias.

Here, the Court agrees with Defendants that the specific discovery Plaintiff seeks is insufficiently defined. If permitted, the requested discovery would likely lead to information that is irrelevant to the Court's determination of the significance of the conflict of interest. It is possible, however, that extra-record information concerning "the decision-making process in this matter" is relevant to the conflict of interest inquiry, but only to the extent that the information sought involves the types of materials or documentation of policies identified above. *See McQueen*, 595 F.Supp.2d at 756 n.2. Put another way, the requested discovery must be narrow

in scope and must be specifically designed to discover the circumstances surrounding the conflict of interest. *Busch*, 2010 WL 3842367 at \*3 (citation omitted) ("[A]ny discovery must be limited to the conflict of interest and any allegations of bias."). Thus, discovery into broad categories of information, such as requests for all claims handling procedures, guidelines or materials not relied upon, submitted, considered, or generated in the course of the benefits determination is not sufficiently related to the issue of a conflict of interest.[4] *See McQueen*, 595 F.Supp.2d at 756 n.2.

Considering the foregoing list of appropriate topics of discovery, at this juncture, the Court deems the deposition of CLINCY's claims manager inappropriate. Instead, the relevant information should be attainable through well-crafted written discovery. Accordingly, Plaintiff's request to depose CLINCY's Disability Claim Manager is **DENIED WITHOUT PREJUDICE** at this juncture. Plaintiff is not, however, forever foreclosed from deposition discovery. If necessary, following the limited discovery outlined above, she may return to the Court to request a deposition if she believes it necessary and can demonstrate good cause.

### III.

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Conduct Limited Discovery (ECF No. 11) as set forth above and **GRANTS**

---

[4]A plaintiff is entitled to a full and fair review under 29 U.S.C. § 1133(2). Such a review requires the claims administrator to provide the claimant with all relevant documents, which is defined in 29 C.F.R. § 2560.503-1(m)(8) to include any "document, record, or other information . . . relied upon . . . submitted, considered, or generated in the course of making a benefit determination . . . [or that] [d]emonstrates compliance with the administrative processes or safeguards required . . . ." 29 C.F.R. §§ 2560.503-1(h)(2)(iii) and (m)(8). Here, Plaintiff has not asserted a procedural claim under § 1133 and does not otherwise assert that the information she received thus far is deficient. Thus, the Court presumes that Plaintiff seeks to conduct discovery to obtain information beyond the scope of 29 C.F.R. § 2560.503-1(m)(8).

Defendants' Motion to File Sur-Reply (ECF No. 19).   Pursuant to the Court's September 30,

2010 Order (ECF No. 23), the Court will notice this case for a telephonic status conference to

establish new deadlines.

   **IT IS SO ORDERED.**


December 13, 2010                                   /s/ *Elizabeth A. Preston Deavers*
                                                    Elizabeth A. Preston Deavers
                                                    United States Magistrate Judge




.


12